**PRIORITY SEND**

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV07-01584-VAP(OPx)                    Date:  August 25, 2010

Title:     JULIA WU -v- MARY ANN DOUCETTE; and DOUCETTE MEDICAL SUPPLY, LTD.
================================================================
PRESENT:    HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

    Marva Dillard                                     None Present
    Courtroom Deputy                              Court Reporter

ATTORNEYS PRESENT FOR                    ATTORNEYS PRESENT FOR
PLAINTIFFS:                                             DEFENDANTS:

    None                                                    None

PROCEEDINGS:    MINUTE ORDER (1) VACATING AUGUST 30, 2010 HEARING; and (2) DENYING DEFENDANTS' MOTION FOR ENTRY OF STAY PENDING APPEAL UPON POSTING OF SECURITY (IN CHAMBERS- No Proceedings Held)

    The Court has received and considered all papers filed in support of the motion for entry of stay pending appeal upon posting of security ("Motion") filed by Defendants Mary Ann Doucette ("Doucette") and Doucette Medical Supply, Ltd. ("Doucette Medical").  as the Motion is appropriate for resolution without a hearing, the Court VACATES the August 30, 2010 hearing on the Motion.  <u>See</u> Fed. R. Civ. P. 78; L.R. 7-15.  For the reasons set forth below, the Court DENIES the Motion.

**EDCV 07-1584-VAP(OPx)**
**JULIA WU v. MARY ANN DOUCETTE, et al.**
**MINUTE ORDER of August 25, 2010**

## I.  BACKGROUND

Plaintiff Julia Wu ("Plaintiff") filed this action on December 4, 2007.  The Court conducted a bench trial from February 17, 2010 through February 19, 2010.  On April 8, 2010, the Court entered judgment in favor of Plaintiff in the amount of $260,953.90.  On April 16, 2010, Defendants filed a motion for new trial and a motion to alter the judgment, both of which the Court denied.  On July 26, 2010, the Clerk of Court approved a bill of costs in the amount of $6,340.85.  On July 27, 2010, Defendants filed the Motion, the declaration of Mary Ann Doucette ("Doucette Decl."), and the declaration of Gary G. Thompson ("Thompson Decl.").  On August 16, 2010, Plaintiff filed an opposition ("Opposition")[1] and the declaration of Michael Weinstein ("Weinstein Decl.").  On August 23, 2010, Defendants filed a Reply.

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 62(d), "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond. . . . "  The bond "may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal.  The stay takes effect when the court approves the bond."  Fed. R. Civ. P. 62(d).  Filing the bond results in a stay as a matter of right.  See Fed. R. Civ. P. 62(d).  A supersedeas bond "suspends a judgment creditor's power to levy execution, [usually] pending appeal," Black's Law Dictionary 1479 (8th ed. 2004), while also ensuring the judgment creditor will be able to collect the judgment plus interest should the court of appeals affirm the judgment, Rachel v. Banana Republic, Inc., 831 F.2d 1503, 1505 n.1 (9th Cir. 1987).

In Rachel, the Ninth Circuit explained, "District courts have inherent discretionary authority in setting supersedeas bonds; review is for an abuse of discretion . . . .  The purpose of a supersedeas bond is to secure the appellees from

---

[1] Plaintiff untimely filed the Opposition.  Under Local Rule 7-9, a party must file opposition papers no later than 21 days before the date designated for the hearing of the motion.  Accordingly, Plaintiff should have filed the Opposition by August 9, 2010, but did not do so until August 16, 2010.  In the interest of justice, however, the Court has considered the Opposition.

EDCV 07-1584-VAP(OPx)
JULIA WU v. MARY ANN DOUCETTE, et al.
MINUTE ORDER of August 25, 2010

a loss resulting from the stay of execution and a full supersedeas bond should therefore be required."  831 F.2d at 1505 n.1 (citing Miami Int'l Realty Co. v. Paynter, 807 F.2d 871, 873 (10th Cir. 1986)).  The district court has discretion, however, to grant a stay upon the posting of security other than a bond.  See Int'l Telemeter Corp. v. Hamlin Intern. Corp., 754 F.2d 1492, 1495 (9th Cir.1985).  Moreover, while filing a supersedeas bond allows a party to obtain a stay as a matter of right, "[t]he court also has discretion to stay execution of judgment pending appeal without requiring a bond," where the court finds that the appellee's interests are adequately protected.  Acacia Research Corp. v. Nat'l Union Fire Ins. Co., No. 05-501, 2008 WL 4381649, at *2 (C.D. Cal. Sept. 9, 2008) (citing Am. Color Graphics, Inc. v. Travelers Prop. Cas. Ins. Co., No. 04-3518, 2007 WL 1520952, at *1 (N.D. Cal. May 23, 2007) (holding that where appellant's net assets exceeded $256,000,000 and it was undisputed that appellant would be able to pay the $4 million judgment if it lost its appeal, no security was required to stay execution of the judgment)); see Townsend v. Holman Consulting Corp., 881 F.2d 788, 796 (9th Cir. 1989) ("[T]he district court has broad discretionary power to waive the bond requirement if it sees fit."), vacated on reh'g on other grounds, 929 F.2d 1358 (9th Cir. 1990) (en banc).; Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n, 636 F.2d 755, 759-61 (D.C. Cir. 1980) (Rule 62 "in no way necessarily implies that filing a bond is the only way to obtain a stay.").

   The court may waive the bond requirement on several grounds: "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial position that the requirement to post a bond would place other creditors of the defendant in an insecure position."  United States v. Boyce, 148 F. Supp. 2d 1069, 1096 (S.D. Cal. 2001) (citing Dillon v. City of Chicago, 866 F.2d 902, 904-05 (7th Cir.1988) (internal citations and quotations omitted)).

### III.  DISCUSSION

**EDCV 07-1584-VAP(OPx)**
**JULIA WU v. MARY ANN DOUCETTE, et al.**
**MINUTE ORDER of August 25, 2010**

     If Defendants are not successful on appeal, the judgment amount will be $267,294.75,[2] plus post-judgment interest and the costs of appeal.  Defendants argue the Court should stay execution of the judgment pending appeal because they (1) cannot obtain a supersedeas bond (Mot. at 5); (2) have offered alternate security in the form of Doucette's one-half interest in a 28-unit apartment complex (the "Property"), "which is worth more than double the amount at issue" (id.); (3) have a reasonable chance of success on appeal (id. at 6-7); and (4) will have "no chance of recouping the money if a stay is not granted and execution is performed," because "Plaintiff is a Chinese national" (id. at 8).  To ensure Plaintiff's interests are protected, Defendants propose the Court impose the following conditions on the Property: (1) All property taxes and other taxes due on the apartment building must be paid pending resolution of the appeal; (2) All ordinary maintenance must be performed in the same manner as it has been done over the past five years pending resolution of the appeal; (3) Property insurance with a policy limit of at least the appraised value of the property must be maintained pending resolution of the appeal; and (4) No liens or other encumbrances on Doucette's interest in the building will be allowed pending resolution of the appeal.  (Mot. at 6.)

     In her Opposition, Plaintiff argues the proposed alternate security does not fully protect her interests as a judgment creditor during appeal.  (Opp'n at 3.)  First, Plaintiff argues the evidence Defendants provide in support of their Motion -- Doucette's declaration and the declaration from an appraiser -- is insufficient for the Court to evaluate properly the requested relief because both declarations fail to substantiate the claims contained therein with documentary evidence.  (Opp'n at 5-7.)  For example, Doucette does not provide evidence to support her conclusory statements regarding her financial situation and the appraiser fails to attach a formal report.  Secondly, Plaintiff argues the Property is insufficient as alternate security, even with Defendants' proposed conditions, because Plaintiff does not have a present lien or security interest in the Property and "it is not clear whether the [P]roperty can even be sold without obtaining the permission of [Doucette's] co-owner, Patrick Doucette, and/or whether legal action is necessary to force a sale of

---

     [2] This includes the total judgment amount of $260,953.90 plus costs of $6,340.85.

EDCV 07-1584-VAP(OPx)
JULIA WU v. MARY ANN DOUCETTE, et al.
MINUTE ORDER of August 25, 2010

her one-half interest in the [P]roperty, even assuming that is possible." (Opp'n at 10.) Defendants have not produced documentation regarding Doucette's interest in the Property, i.e. in the form of a title, nor have they provided evidence regarding the alienability of the Property.

As noted above, in lieu of a supersedeas bond, a court may allow for the posting of alternate forms of security. See Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1367 (9th Cir. 1990) (en banc); Int'l Telemeter, Corp. v. Hamlin Int'l Corp., 754 F.2d 1492, 1495 (9th Cir. 1985) (allowing appellant to place money in escrow account as an alternative form of judgment guarantee); In re Combined Metals Reduction Co., 557 F.2d 179, 193 (9th Cir. 1977). When a court departs from the usual requirement of a full security supersedeas bond, however, "it should place the burden on the moving party to objectively demonstrate the reasons for such a departure. It is not the burden of the judgment creditor to initiate contrary proof." Poplar Grove Planting and Refining Co., Inc. v. Bache Hasley Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979) ("a supersedeas bond is a privilege extended the judgment debtor as a price of interdicting the validity of an order to pay money").

Defendants have not met their burden of objectively demonstrating that the Court should depart from the usual requirement of posting a supersedeas bond. Defendants' ability to satisfy the judgment is not "so plain that the cost of the bond would be a waste of money." See Olympia Equip. v. W. Union Tel. Co., 786 F.2d 794, 796 (7th Cir. 1986). In fact, the evidence presented by Defendants leads to the contrary conclusion. Doucette states that neither she nor Doucette Medical has sufficient liquid assets to obtain a supersedeas bond. Further, she admits she owes over $80,0000 in credit card debt, has little or no equity in her house, and has incurred costly legal and medical expenses that have depleted her savings and emergency funds. (Doucette Decl. ¶¶ 4-9.) Doucette also states that Doucette Medical has only $1,000 in its bank account and that any incoming revenue must be used to pay bills. Furthermore, Defendants have not alleged "the requirement [to pay the judgment] would put the defendant's other creditors in undue jeopardy." Olympia Equip., 786 F.2d at 796. Indeed, Defendants do not mention their other creditors or discuss the effect the judgment would have on them.

The Court likewise cannot determine whether the proposed alternate security is sufficient to protect Plaintiff's interests. Defendants attach the declaration of Gary

**EDCV 07-1584-VAP(OPx)**
**JULIA WU v. MARY ANN DOUCETTE, et al.**
**MINUTE ORDER of August 25, 2010**

G. Thompson ("Thompson"), which estimates of the market value of the Property as $1,321,600 for the year 2009. (Thompson Decl. at 1.) As Plaintiff correctly avers, however, the appraisal was conducted for tax purposes and accordingly may not reflect the actual market value of the Property. Moreover, the appraisal is a summary and accordingly lacks a detailed report showing comparable property sales or explaining the methods and analysis by which the appraiser arrived at the estimated value. (See Opp'n at 6.) Moreover, as Defendant points out, the proposed alternate security is a half interest, which may be "significantly less marketable tha[n] a full interest; it is common sense that one cannot automatically sell a one-half interest in an apartment complex for an amount that is one-half the value of the full interest." (Opp'n at 7.)

The cases cited by Defendants in support of their proposed alternate security are distinguishable from the facts here. In those cases, the moving parties established a concrete value of the alternate security and demonstrated that the security would provide adequate protection for the judgment creditor. See, e.g., Olympia Equip. Leasing Co, v. W. Union Tel. Co., 786 F.2d 794 (7th Cir, 1986) (approving an alternate security interest in the form of a pledge of cash, accounts receivable, and a security interest in physical assets); Conn. Gen. Life Ins. Co. v. Riner, No. 00-065, 2005 WL 151933 (W.D. Va. Jan. 24, 2005) (approving funds deposited with court as alternate security in interpleader action ); Szyszko v. Szyszko, No. 01-2417, 2001 WL 664553 (N.D. Ill. June 12, 2001) (approving a real property interest as alternate security with certain conditions where the property was the subject matter of the litigation); Alexander v. Chesapeake, Potomac & Tidewater Books, Inc,, 190 F.R.D. 190 (E.D. Va. 1999) (approving an alternate security interest in the form of an escrow account); United States v. Indianapolis Baptist Temple, No. 98-0498, 1999 WL 1249452 (S.D. Ind. Nov. 10, 1999) (approving real property as an alternate security interest where the judgment creditor already held a tax lien on the property); Cont'l Ins. Co. v. Witchita Fed. Savings & Loan, (D. Kan. 1989) (approving funds deposited with court as alternate security); C. Albert Sauter Co. v. Richard S. Sauter Co., 368 F. Supp. 501 (E.D. Pa. 1973) (approving an alternate security interest in the form of a deposit of shares of stock).

Defendants have not articulated sufficient grounds to warrant a stay of execution pending appeal. The Court accordingly declines to waive the bond

**EDCV 07-1584-VAP(OPx)**
**JULIA WU v. MARY ANN DOUCETTE, et al.**
**MINUTE ORDER of August 20, 2010**

requirement. While the Property may constitute an appropriate alternate form of security, the Court does not have sufficient information upon which to make such a finding. Thus, the Court DENIES the Motion.

## IV.  CONCLUSION

The Court DENIES Defendants' Motion for entry of stay pending appeal upon posting of security.

**IT IS SO ORDERED.**